IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAMON LUTHER MAULDIN                                              PLAINTIFF

v.                                                    Civil No. 1:14-cv-54 LG-JCG

CORRECTIONAL MEDICAL ASSOCIATES [CMA]              DEFENDANTS
AND HARRISON COUNTY

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is a Motion to Dismiss [22] filed May 18, 2015,

pursuant to FED. R. CIV. P. 41(b), by Defendant Correctional Medical Associates. On

June 29, 2015, Defendant Harrison County filed a Joinder [27] in the Motion to

Dismiss.  After review of the instant Motion, the record and pleadings on file, and

the relevant legal authorities, it is the opinion of the undersigned Magistrate Judge

that Defendants' Motion should be granted and the above captioned cause filed by

Mr. Damon Luther Mauldin, should be dismissed pursuant to FED. R. CIV. P. 41(b).

## I. FACTS AND PROCEDURAL HISTORY

Damon Luther Mauldin ["Plaintiff"] filed his Complaint [1] on February 18,

2014, pursuant to Title 42 U.S.C. § 1983, naming the Harrison County Detention

Center Medical Associates as the Defendant.  Plaintiff also filed a Motion [2] for

Leave to Proceed *In Forma Pauperis*, which was granted by Order [5] entered

February 27, 2014.  An Order [9] was entered March 25, 2014, correcting the named

Defendants and issuing process to Defendants Correctional Medical Associates

["CMA"] and Harrison County.  Answers were filed on behalf of Harrison County

[13] on April 28, 2014, and CMA [16] on May 16, 2014.   On August 5, 2014, an Order [20] was entered reassigning the above captioned cause to the undersigned. The record reflects that the reassignment Order was returned "undeliverable" to the Court on August 25, 2014.[1]

On May 18, 2015, CMA filed the instant Motion to Dismiss for Failure to Prosecute pursuant to FED. R. CIV. P. 41(b).  On June 8, 2015, the Court entered an Order to Show Cause [23] granting Plaintiff additional time to file a response to Defendant's Motion to Dismiss, and directing him to show cause for his failure to respond.  Plaintiff was warned that "[f]ailure to file a response will result in the Court proceeding with preparation of a ruling on the merits and failure to comply with this Order could result in the dismissal of this action without further notice to Plaintiff."  Order [23].  A copy of the Show Cause Order was mailed to Plaintiff's address of record via USPS certified mail, return receipt requested [article number 7012 2920 0001 3021 6008].  The docket reflects that on June 11, 2015, the Acknowledgment of Receipt [25] for the Court's Show Cause Order [23] was returned to the Court marked "released - - return to sender." Defendant Harrison County filed a Joinder [27] to CMA's Motion on June 29, 2015.

___

[1]The docket reflects that the envelope containing the Court's Order [20] is marked "return to sender-refused-unable to forward." Docket # 21.

II. <u>DISCUSSION</u>

Defendants' Motion represents that:

> [o]n October 17, 2014, Defendant's counsel located Plaintiff by searching the inmate locator function on the Mississippi Department of Corrections ["MDOC"] website. *See* MDOC Info. Sheet, att. as Ex. "A" to this Motion. At that time, Plaintiff was incarcerated at the Central Mississippi Correctional Facility and had a tentative release date of January 9, 2015. *Id.* On or about December 15, 2014, Defendant's counsel again searched the MDOC website for Plaintiff. However, Plaintiff was no longer listed on the MDOC website.

Mot. to Dismiss [22], at p. 2.

Upon review of the docket, it is evident that Plaintiff has failed to comply with the Court's Orders to keep the Court apprised of his current address. All Orders and notices were mailed to the address provided by Plaintiff. On February 18, 2014, an Order was entered which first advised Plaintiff that: "failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed sua sponte, without prejudice, without further written notice." Order [3], at p. 2. This same warning was given to Plaintiff on multiple occasions by Court Order. *See* Court's Order [5] granting Plaintiff's Motion to Proceed *in forma pauperis*; Court's Order [6] Requiring Plaintiff's Response; Court's Order [9] Issuing Summonses; Court's Order [23] to Show Cause.

Incarcerated Plaintiffs have a duty to keep this Court apprised of any change of address and a failure to advise the Court of such a change may result in

dismissal. *See Danner v. Tolbert*, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.,* 1988 WL 54768 *1 (E.D. La.1988); *Carey v. King,* 856 F.2d 1439, 1440–41 (9th Cir.1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). The Fifth Circuit has determined that:

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. March 19, 1985) (slip op.).

Plaintiff has not communicated with the Court or inquired as to the status of his case since May 7, 2014, the date his last pleading was filed of record. *See* Mot. [18] to Subpoena Medical Records. FED. R. CIV. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its

inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply with a court order."  *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996), *citing McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link, supra*, 370 U.S. at 630.  A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court.  *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).

    To date, Plaintiff has not complied with the directives set forth in the Court's Orders.  The numerous Orders entered were explicit and Plaintiff was repeatedly advised of his duty and admonished that his failure to comply could result in the dismissal of his case without further notice. *See* Orders [3], [5], [6], [9]; Order to Show Cause [23].  Plaintiff's failure to communicate coupled with his failure to respond to Defendants' Motion or otherwise comply with the Court's Orders indicates a lack of interest and/or inability to pursue his claim.  Based on the information and record before the Court, Plaintiff has failed to comply with previous Orders and has otherwise failed to prosecute this case.

## III.  RECOMMENDATION

For the reasons stated, the undersigned is of the opinion that the record, as a whole, supports a finding of Plaintiff's failure to prosecute this case under Rule 41(b) of the Federal Rules of Civil Procedure. Therefore, the undersigned recommends that the Motion to Dismiss [22] filed by CMA and joined by Harrison County [27] be **GRANTED** and the Complaint [1] filed by Mr. Damon Luther Mauldin, against the Defendants be **DISMISSED** pursuant to FED. R. CIV. P. 41(b).

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal

conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 21st day of July, 2015.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE